# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Joshua Holman, | ) |
|       Plaintiff, | ) |
| vs. | ) |
| | ) Case No.: |
| Ali Industries, LLC, | ) |
|       Defendant | ) |

## NOTICE OF REMOVAL

Defendant Ali Industries LLC ("Ali Industries") removes this action from the Circuit Court of Boone County, Missouri, to the United States District Court for the Western District of Missouri under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, with full reservation of all defenses. In support of this removal, Ali Industries states as follows:

## BACKGROUND

1. On August 3, 2022, Plaintiff Joshua Holman ("Plaintiff" or "Mr. Holman") filed his Class Action Petition in Boone County, Case No. 22BA-CV02851.

2. Ali Industries was served on August 16, 2022.

3. The Petition brings claims for unjust enrichment, strict liability in tort (design defect), strict liability in tort (failure to warn), negligence, breach of implied warranty, and violation of the Missouri Merchandising Practice Act.

4. Ali Industries sells bonded abrasive grinding wheels under its "Gator" brand (the "Products"). Mr. Holman claims Ali Industries failed to include expiration dates on its wheels, and he was thereby harmed because he and the putative class members overpaid for the Products.

5. Mr. Holman seeks to represent a nationwide class based on his unjust enrichment, negligence, and/or breach of implied warranty claims consisting of all customers who purchased the Products in the United States within the applicable statute of limitations.

6. Mr. Holman also seeks to represent a Missouri sub-class based on all his claims consisting of all persons who purchased the Products in the state of Missouri for personal, family, or household purposes within the applicable statute of limitations.

7. Mr. Holman seeks "actual damages" "in an amount to be determined at trial," costs, attorneys' fees, and injunctive relief. The damages involve a refund of the money he and putative class members paid for the products.

## GROUNDS FOR REMOVAL: JURISDICTION UNDER CAFA

8. The Class Action Fairness Act of 2005 ("CAFA") grants federal courts diversity jurisdiction over putative class actions that: (1) were commenced after February 18, 2005; (2) have minimal diversity; (3) have 100 or more class members; and (4) involve an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6); *see also City of O'Fallon, Mo. v. CenturyLink, Inc.*, 930 F. Supp. 2d 1035, 1039 (E.D. Mo. 2013).

9. This lawsuit, as Plaintiff has pled it, is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B). According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" is defined as any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action.

10. Further, as set forth below, there is minimal diversity among the parties, and the prospective class meets the numerosity and amount in controversy requirements. As such, this Court has jurisdiction over this matter pursuant to CAFA.

**A.    Commencement of the action**

11. Plaintiffs commenced this action on or about August 3, 2022, by filing a petition in the Circuit Court of Boone County, Missouri. *See* Petition (attached as **Exhibit A**).

12. Accordingly, this action was commenced after CAFA's effective date.

**B.    Minimal Diversity**

13. CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. An individual's citizenship is determined based on their domicile. *See Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990) (internal citations omitted) ("[…] the terms 'domicile' and 'citizenship' are synonymous. To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely…. Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile.").

15. Citizenship is determined at the time the Complaint or Amended Complaint is filed. *See* 28 U.S.C. § 1332(d)(7). In this case, that date is August 3, 2022.

16. According to Plaintiff's Petition, "Plaintiff Joshua Holman is an individual residing in Columbia, Missouri." (Petition ¶ 6). Mr. Holman was, therefore, domiciled in Missouri at the time the Petition was filed.

17. Defendant Ali Industries, LLC is a limited liability company, formed under the laws of the State of Ohio, and its principal place of business is Fairborn, Ohio.

18. In addition, the Petition seeks certification of a "Nationwide Class," "consisting of all customers who purchased any of the Defective Products in the United States within the applicable statute of limitations." (Petition ¶ 20). The putative class therefore includes citizens of most, if not all, of the 50 states.

19. Ali Industries is deemed a citizen of Ohio, its state of organization and principal place of business. *See* 28 U.S.C. § 1332(d)(10); *O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13–cv–0947–DGK, 2014 WL 1791065, at *4 (W.D. Mo. May 6, 2014) ("For purposes of determining diversity jurisdiction under CAFA, a limited liability company ("LLC") ... is considered to be a citizen of the state under whose laws it is organized and of the state in which it has its principal place of business.").

20. There is minimal diversity under 28 U.S.C. § 1332(d)(2)(A) because at least one putative class member is of diverse citizenship from Ali Industries.

C. **Numerosity**

21. CAFA applies only to class actions in which the number of members of all proposed plaintiff classes in the aggregate is 100 or greater. *See* 28 U.S.C. § 1332(d)(5)(B).

22. Plaintiff purports to represent both a "Nationwide Class" "consisting of all customers who purchased any of the Defective Products in the United States within the applicable statute of limitations" and a "Missouri Sub-Class" "consisting of all persons who purchased any of the Defective Products in the state of Missouri for personal, family, or household purposes within the applicable statute of limitations." (Petition ¶ 20).

23. While Plaintiff does not specifically state a number for the size of the proposed class and sub-class, he alleges that "[t]he Class is believed to number in the thousands," such that "joinder of all Class Members in a single action is impracticable." (*Id.* ¶ 22).

24. Accordingly, this action satisfies CAFA's numerosity requirement.

**D.** **Amount in Controversy**

25. Removal under CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs ...." 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy exceeds this sum, the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

26. Plaintiff seeks a refund of monies paid by himself and class members for the Products, plus costs, attorney's fees, and injunctive relief. (Petition, ¶¶ 2, 3, 28, 29, 40, 41, 42, Prayer For Relief).

27. Plaintiff does not allege the total amount in controversy presented by the claims of the purported class members. The Petition does not make clear the exact measure of the damages; rather, it seeks recovery of the Class's "actual damages" "in an amount to be determined." (*Id.* at pages 23-24). The Petition does indicate, however, that Ali Industries should be ordered to "disgorge all profits, benefits, and other compensation [it] obtained from the sale of these products," as at least one measure of damages. (*Id.* ¶ 46).

28. Plaintiff seeks to represent both a "Nationwide Class" "consisting of all customers who purchased any of the Defective Products in the United States within the applicable statute of limitations." (*Id.* ¶ 20). The claims asserted by Plaintiff involve statutes of limitations of up to five years. Ali Industries' sales to persons who would be included in Plaintiff's proposed Nationwide Class exceed $7.5 million in gross sales. (**Exhibit B**, Ali Decl., ¶ 7).

29. The requested relief thus involves an amount in controversy well above CAFA's jurisdictional threshold of $5 million, and the amount in controversy requirement for removal is satisfied.

## PLEADINGS AND PROCESS

30. As required by 28 U.S.C. § 1446(a), Ali Industries has attached to this Notice of Removal copies of all state court process and pleadings served on it.

## NOTICE GIVEN

31. Written notice of the filing of the Notice of Removal will be promptly served on all counsel of record in the state court proceeding, and a copy will be promptly filed with the Clerk of the Circuit Court of Boone County, Missouri, pursuant to 28 U.S.C. § 1446(d).

## REMOVAL IS TIMELY FILED

32. This Notice has been timely filed within thirty (30) days of service of process of the Summons and Complaint on Ali Industries, as allowed by 28 U.S.C. § 1446(b).

## VENUE

33. Removal to this District is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Circuit Court of Boone County, Missouri, which is included in the Western District of Missouri, Central Division.

## NON-WAIVER OF DEFENSES

34. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ali Industries' right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12, a motion to compel the representative Plaintiff to arbitrate his case, pursuant to a written agreement to arbitrate and 9 U.S.C. §§ 1 *et seq.*, and/or opposition to any attempt to certify a class in this or any other case.

**ACCORDINGLY**, because this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Ali Industries hereby removes this action from the Circuit Court of Boone County, Missouri, to this Court.

Dated: September 12, 2022                ARMSTRONG TEASDALE LLP

By: */s/ Marc Vander Tuig*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
MVanderTuig@atllp.com

*ATTORNEYS FOR ALI INDUSTRIES, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 12th day of September 2022, a true and accurate copy of the foregoing was e-filed with the Court's electronic filing system, to be served to all attorneys of record and via email to:

Kenneth B McClain
Paul D. Anderson
Jonathan M. Soper
Kevin D. Stanley
HUMPHREY, FARRINGTON, & McCLAIN, P.C.,
221 W. Lexington, Suite 400
Independence, Missouri 64050

*Attorneys for Plaintiff*

*/s/ Marc Vander Tuig*