UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOSHUA HOLMAN<br><br>and<br><br>JAMES SMITH<br><br>    Plaintiffs,<br><br>v.<br><br>ALI INDUSTRIES, LLC.,<br><br>    Defendants. | Case No. 4:22-cv-4133-NKL |

**ORDER**

Defendant Ali Industries, Inc. moves pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) to dismiss the first amended complaint by plaintiff Joshua Holman and new plaintiff James Smith for failure to state a claim and, in the alternative, pursuant to Federal Rules of Civil Procedure 12(b), 12(f), and 23 to dismiss or to strike Plaintiffs' request for certification of a nationwide class for the breach of implied warranty claim. For the reasons discussed below, the Court grants in part and denies in part Ali's motion to dismiss, and denies as moot the motion to strike the request for a nationwide class.

    I.    **FACTUAL ALLEGATIONS AND BACKGROUND**

Ali is engaged in the manufacture, production, distribution, and sales of "at least 20 different types" of Gator-brand "organic bonded abrasive wheels." When attached to power tools, the wheels are used to cut metal and concrete.

Holman alleges that he purchased a 4½" Gator wheel for $6.00 "within the last five years." Smith alleges that he purchased a 6" Gator wheel for $5.00 in or soon before June 2021.

Both allege that they purchased the wheels "for personal, family, or household purposes," though they do not explain with any specificity what those purposes were.

Plaintiffs allege that the wheels they purchased are defective because they do not carry an expiration date, leading the reasonable consumer to believe that they have an unlimited shelf life when, in fact, after a shelf life of three years, the wheels are at risk of failing and becoming dangerous. Plaintiffs assert that the Gator wheels are worth less than the wheels they thought they were getting—wheels that do not expire. Plaintiffs seek damages on behalf of themselves and two putative classes: (1) a "Nationwide Class" "consisting of all customers who purchased any of the . . . [wheels] in the United States within the applicable statute of limitations" for breach of implied warranty; and (2) a "Missouri Sub-Class," consisting of a similarly defined set of Missouri residents, for violation of the MMPA and breach of implied warranty.

## II. STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, ordinarily, the complaint "does not need detailed factual allegations," just "enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, . . . but [is] not bound to accept as true threadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quotation marks and citations omitted).

### III. DISCUSSION

#### A. Whether Plaintiffs Alleged the Notice Required to Assert a Claim for Breach of Implied Warranty

To maintain a suit for breach of the implied warranty of merchantability in Missouri, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." Mo. Rev. Stat. § 400.2-607(3)(a). As the Court stated in dismissing the same claim in Holman's original complaint, this Court has interpreted the statute to require notice before the filing of an action for breach of implied warranty. *See Budach v. NIBCO, Inc.*, No. 2:14-CV-04324-NKL, 2015 WL 6870145, at *4 (W.D. Mo. Nov. 6, 2015) ("[T]he Court concludes that a plaintiff must provide some minimal pre-suit notice of breach in order to assert a warranty claim under Section 2-607(3)(a) of the U.C.C. and Section 400.2-607(3)(a)) of Missouri's commercial code.").

Holman argues that both Plaintiffs' claims for breach of implied warranty should be dismissed because neither provided notice of the alleged breach prior to the filing of this action and also because any notice Smith gave was not provided within a reasonable time, and Holman has failed to allege when he discovered the alleged defect, so the Court cannot assess whether his notice was provided within a reasonable time.

##### i. Whether Providing Notice Prior to the Filing of the Operative Complaint Suffices

As the Court explained in its order resolving the motion to dismiss the original complaint,

This Court's analysis in *Budach* has been adopted elsewhere. *See Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339, 1348 (E.D. Mo. 2020) ("Other district courts—both in th[e Eastern] District and the Western District of Missouri—have since agreed that the Missouri Supreme Court would follow this majority view and require that reasonable notice must be provided pre-suit."; *id.* at 1349 ("After consideration, the Court is persuaded by Judge Laughrey's analysis and agrees that Missouri would require pre-suit notice of the breach of warranty claim."). Requiring pre-lawsuit notice is consistent with the legislative

history and purpose (to encourage cure or settlement and provide notice for preservation of evidence). *Id.*

*Holman v. Ali Indus., LLC*, No. 4:22-CV-4133-NKL, 2023 WL 1438752, at *9 (W.D. Mo. Feb. 1, 2023). Because the original complaint did not indicate that Holman had provided any pre-litigation notice, the Court dismissed the claim for breach of implied warranty without prejudice.

The First Amended Complaint alleges that Holman and Smith sent notice of breach on February 14, 2023. This action was commenced on August 3, 2022. Ali therefore argues that Plaintiffs have not satisfied the requirement of pre-suit notification. Plaintiffs argue that, because the notice was provided prior to the filing of the First Amended Complaint, they have met the pre-suit notice requirement.

In *In re: Dollar Gen. Corp. Motor Oil Mktg. & Sales Pracs. Litig.*, No. 16–02709–MD–W–GAF, 2017 WL 3863866, at *14 (W.D. Mo. Aug. 3, 2017), the court denied a motion to dismiss claims for breach of implied warranty in cases for, *inter alia*, failure to provide pre-suit notice. The court noted that the consolidated amended class-action complaint "state[d] that '[e]ach Plaintiff and all Sub-Class Members provided notice of Defendants' breach of the implied warranty of merchantability at least as of the date (s)he filed this allegation.'" This was sufficient, the Court held, to constitute pre-suit notice in the majority of cases. Because *Dollar Gen.* was dealing with an allegation of notice on or before the filing of an *amended* complaint,[1] in effect it held that providing notice sometime prior to the filing of an amended complaint is sufficient to allow a claim for breach of implied warranty to proceed beyond the motion-to-dismiss stage.

Ali cites a federal court decision from Illinois, *Baldwin v. Star Scientific, Inc.*, No. 14 C

---

[1] The original complaint, in *Oren v. Dollar Gen. Corp.*, No. 16–02709–MD–W–GAF, did not include an allegation of notice of the defect. Doc. 1.

588, 2016 WL 397290, at *2 (N.D. Ill. Feb. 2, 2016), to support its contrary position. In *Baldwin*, the court concluded that a breach of implied warranty claim was barred where Plaintiffs alleged that they provided notice prior to filing an amended complaint, but did not allege that they gave notice prior to filing the original complaint.

This Court concludes that notice prior to the filing of a given complaint—even an amended complaint—is sufficient to meet the requirement of pre-suit notice based on the law in an analogous circumstance—the requirement of exhaustion of administrative remedies prior to the filing of certain types of actions. Ordinarily, failure to exhaust administrative remedies does not warrant dismissal with prejudice. *See, e.g., Barbee v. Corr. Med. Servs.*, 394 F. App'x 337, 338 (8th Cir. 2010) (remanding "with instructions to dismiss the claims . . . without prejudice for failure to exhaust administrative remedies"). So long as an administrative complaint may yet be timely filed,[2] failure to exhaust administrative remedies results in dismissal without prejudice. *Cf., e.g., Faruq v. Vickers*, No. 09-4110-CV-C-NKL-P, 2010 WL 11459798, at **2–3 (W.D. Mo. July 13, 2010) (dismissing claim with prejudice where administrative remedies were not timely exhausted). So long as administrative remedies remain available, litigation may once again be commenced after those remedies have been exhausted. The Court sees no reason why the same procedure should not apply here. Certainly, it is preferable to give notice of an alleged breach of warranty prior to initiating an action, but nothing in the statutory language suggests that failure to do so should *forever* bar such a claim. Whatever opportunity to cure that the counterparty had remains available even at the outset of the litigation. As Ali recognizes, it could have "refunded [Plaintiffs'] $5.00 or $6.00 purchase price"—and it has cited nothing that prevented it from doing so between the time when Plaintiffs gave notice and when they filed the First Amended Complaint.

---

[2] As discussed further below, timeliness is required for notice of an alleged breach of implied warranty as well.

5

### ii. Whether the Facts Alleged Show that Notice Was Provided Within a Reasonable Time

#### a. Whether the Notice Smith Allegedly Provided Was Reasonably Timely

Ali next argues that Smith's notice was deficient because it was not provided "within a reasonable time after [plaintiff] discover[ed] or should have discovered any breach." Mo. Rev. Stat. § 400.2-607(3)(a). Smith's Gator wheel allegedly failed on June 6, 2021, more than a year-and-a-half before he gave notice on February 15, 2023.

In arguing for dismissal for failure to provide "reasonabl[y] time[ly]" notice, Ali points to cases from New York that held that five to nine months' delay in rejecting goods is too long. *See In re First Hartford Corp.*, 63 B.R. 479, 487 (S.D.N.Y. 1986); *Moxie Industries, Inc. v. Hayden*, 677 F. Supp. 187, 192 (S.D.N.Y. 1988). However, those cases involved not only New York law, albeit surrounding the UCC, but also commercial counterparties, and not, as here, consumer-complainants. What may be objectively unreasonable delay for a commercial party may not be objectively unreasonable for a consumer.

Plaintiffs point out that federal courts applying Missouri law have held that "[t]he sufficiency of notice and what is a reasonable time within which to give notice of defective goods are ordinarily questions of fact for the jury." *DynaSteel Corp. v. Black & Veatch Corp.*, 698 F. Supp. 2d 1170, 1174 (W.D. Mo. 2010) (citing *Rowe Intern., Inc. v. J–B Enterprises, Inc.*, 647 F.2d 830, 833 (8th Cir. 1981)); *see also Ridings v. Maurice*, No. 15-00020-CV-W-JTM, 2019 WL 4888910, at *11 (W.D. Mo. Aug. 12, 2019) ("The issue of whether reasonable notice was given of a breach of warranty is generally left to a factfinder."). In *DynaSteel*, however, there was a factual question as to whether and when the defendant had notice or constructive notice of defects. Here, Smith has alleged the precise date on which he became aware of the defect and a date—some twenty months later—on which he gave notice of that defect. It thus is

appropriate for the Court to consider whether, as a matter of law, a reasonable factfinder could conclude that a consumer's delay of twenty months in giving notice is unreasonable.

Plaintiffs argue that, so long as Defendant retains the opportunity to remedy the defect, notice of a defect is not unreasonable, citing *W. Extralite Co. v. Safeco Ins. Co.,* 301 S.W.3d 527, 532 (Mo. Ct. App. 2009). In that case, the court held that notice was unreasonable because notice was provided only after the completion of a construction project in which the defective ballasts were to be used. The delay in providing notice deprived the defendant of the opportunity to supply replacement ballasts at a lower cost than the plaintiff ultimately paid elsewhere for replacements. Here, in contrast, when notice was given, Ali had time to cure the alleged defect.

In effect, Plaintiffs' position is that notice—whether provided 20 weeks or 20 years later—can never be unreasonable as a matter of law so long as the defendant has the opportunity to remedy the defect. However, such a position is inconsistent with the statutory purpose of ensuring that litigated claims are not "stale." *See Kansas City v. Keene Corp.*, 855 S.W.2d 360, 369 (Mo. 1993) ("The purpose of this requirement is to provide the seller with an opportunity to correct any defects, prepare for litigation, *and prevent stale claims*." (emphasis added)).

A 20-month delay in providing notice of a known defect is extraordinarily long, even for a lay consumer. The Court cannot envision any reasonable factfinder concluding that a 20-month delay in providing notice of an alleged defect in such a product is reasonable. The Court therefore holds that Smith's claim for breach of implied warranty is barred.

### b. Whether Holman Has Adequately Alleged Reasonably Timely Notice

Ali argues that Holman's allegations concerning notice are defective as well because he does not specify when he learned of the alleged defect, and therefore it is not clear that he provided notice within a reasonable time. Construing an identical provision (under Kansas law),

a federal district court expressly held that "the burden of establishing reasonable notice under [the statute] falls on the plaintiff and the defendant is not required to raise it as an affirmative defense . . . ." *Lohmann & Rauscher, Inc. v. YKK (U.S.A.) Inc.*, No. 05-2369-JWL, 2007 WL 1054281, at *1 (D. Kan. Apr. 9, 2007). Judge Whipple in effect held the same in *Wright v. Bath & Body Works Direct, Inc.*, No. 12-00099-CV-W-DW, 2012 WL 12951921 (W.D. Mo. July 10, 2012). In *Wright*, the court dismissed a claim for breach of implied warranty because the plaintiff failed to plead facts sufficient to permit the court to determine "the timeliness of Plaintiff's notice." *Id.* at *3.

The Court agrees that reasonable notice is a necessary element of a claim for breach of implied warranty, and failure to allege facts sufficient to show that that element has been satisfied requires dismissal for failure to state a claim. Here, Holman has presented no information concerning when he became aware of the purported defect in the Gator wheel. Holman's failure to plead facts sufficient to allow the Court to evaluate the timeliness of the notice—a critical element—requires dismissal of the claim for breach of implied warranty, although, once again, without prejudice. *See Wright*, 2012 WL 12951921, at *3 ("Although the Court finds that Plaintiff has not sufficiently pleaded the timeliness of the notice element, leave to amend shall be freely granted when justice so requires. The Court will grant Plaintiff leave to amend in order to cure this pleading deficiency." (citing Fed. R. Civ. P. 15(a)(2)).

### B. Whether Plaintiffs Have Adequately Stated an MMPA Claim

Ali argues that both Plaintiffs' MMPA claims should be dismissed because neither has pleaded specific facts showing that he purchased the Gator wheels primarily for personal, family or household purposes, as the statute requires.

Only a person who purchases "merchandise primarily for personal, family or household purposes" may file suit under the MMPA. *See* Mo. Rev. Stat. § 407.025.1(1). Holman alleges

that he "primarily purchased the 4 ½" cutting wheel for personal, family, or household purposes." Smith alleges that he "primarily purchased the 6" cutting wheel for personal, family, or household purposes." Ali argues that both allegations are merely conclusory and therefore insufficient.

Ali is rearguing an issue that the Court has already resolved in Plaintiffs' favor. The Court previously held that alleging the purpose of the purchase in such general terms as Plaintiffs have employed here is sufficient at this stage. *Holman*, 2023 WL 1438752, at *5 ("Ali next argues that Holman failed to allege that he purchased the Products for personal or household use. However, he alleged that he is a member of the proposed class, and that proposed class consists only of people who purchased the Products for personal, family, or household purposes. Therefore, drawing all reasonable inferences in his favor, as required upon a motion to dismiss, the Court finds that Holman has alleged that he purchased the Products for personal or household use."). The fact that Judge Ketchmark dismissed an MMPA claim in a similar case for failure to plead "facts beyond a purely conclusory allegation that the bonded abrasive wheels he purchased were primarily purchased for the three statutorily mandated purposes," *Allen v. Forney Indus., Inc.*, No. 4:22-CV-00421-RK, 2023 WL 406165, at *5 (W.D. Mo. Jan. 25, 2023), by itself does not warrant a different outcome in this case.

In any event, whether a commercial product was purchased for personal, family, or household purposes is a question of intent, and therefore a factual question, not a legal one. The assertion that a product was purchased for personal, family, or household purposes therefore is not the kind of "conclusory" statement that is insufficient under the pleading standard discussed in *Iqbal*. *See Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a

9

Case 2:22-cv-04133-NKL   Document 45   Filed 05/24/23   Page 9 of 10

legal conclusion couched as a factual allegation." (quotation marks and citation omitted)); *see also* Black's Law Dictionary 329 (9th ed. 2009) (defining "conclusory" as "expressing a factual *inference* without stating the underlying facts on which the inference is based." (emphasis added)). No more specific statement is required in the pleadings.

### IV. MOTION TO STRIKE

Because the Court is dismissing both Plaintiffs' claims for breach of implied warranty—Smith's with prejudice, and Holman's without prejudice—Ali's motion to strike Holman's request for certification of a nationwide implied-warranty class is moot.

### V. CONCLUSION

For the reasons discussed above, Ali's Motion to Dismiss, Doc. 35, is GRANTED in part and DENIED in part. Smith's claim for breach of implied warranty is DISMISSED WITH PREJUDICE. Holman's claim for breach of implied warranty is DISMISSED WITHOUT PREJUDICE. The motion to dismiss for failure to state a claim otherwise is DENIED. The motion to dismiss or to strike the request for a nationwide class is DENIED AS MOOT. Holman may, within 21 days, amend the complaint once more to attempt to assert a claim for breach of implied warranty, but only if he can plead facts that show that he provided notice within a reasonable time after he became aware of the alleged defect in the Gator wheel he purchased.

Dated: May 24, 2023
Jefferson City, Missouri

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge